SHOOK, HARDY & BACON L.L.P.
HARLEY V. RATLIFF (*PHV*)
hratliff@shb.com
LINDSEY HEINZ (*PHV*)
lheinz@shb.com
STEPHEN E. NICHOLS (*PHV*)
senichols@shb.com
2555 Grand Boulevard
Kansas City, Missouri 64108
Tel: (816) 474-6550
Fax: (816) 421-5547

SHOOK, HARDY & BACON L.L.P.
JESSICA N. WAHL (SBN 321887)
jwahl@shb.com
2049 Century Park East, Suite 3000
Los Angeles, California 90067
Tel: (424) 204-8330
Fax: (424) 204-9093

Attorneys for Defendants
REGENERON PHARMACEUTICALS, INC.
and SANOFI-AVENTIS U.S. LLC

Connor G. Sheehan (*PHV*)
Texas Bar No. 24046827
csheehan@dunnsheehan.com
Robert A. Mosier
California Bar No. 164241
rmosier@dunnsheehan.com
Holly M. Mosier
California Bar No. 176488
hmosier@dunnsheehan.com
DUNN SHEEHAN LLP
5910 N. Central Expr., Suite 1310
Dallas, Texas 75206
Phone: 214.866.0077
Fax: 214.866.0070

Attorneys for Plaintiffs
MICHAEL KRANTZ, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF JANIS KRANTZ, DECEASED, LAUREN GREGORY, AND JOSHUA KRANTZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KRANTZ, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JANIS KRANTZ, DECEASED, LAUREN GREGORY, AND JOSHUA KRANTZ,<br><br>Plaintiffs,<br><br>v.<br><br>REGENERON PHARMACEUTICALS, INC. AND SANOFI-AVENTIS U.S. LLC,<br><br>Defendants. | Case No. 2:23-cv-08034-WLH-MRW<br><br>Assigned to: Hon. Wesley L. Hsu<br><br>**STIPULATED PROTECTIVE ORDER** |

## **STIPULATED ORDER**

Before the Court is the parties' Joint Motion for Entry of Stipulated Protective Order (the "Joint Motion"). Dkt. No. 43. The parties to this case, through their respective counsel, agree to protect the confidentiality of certain information that may be discovered or offered into evidence at the trial of this case. Upon consideration, the Court finds that the parties' Joint Motion should be and hereby is **GRANTED**.

**IT IS HEREBY ORDERED** that the following Stipulated Protective Order is issued to govern certain disclosures in this case:

1. **Purpose and Limitations.** Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge, as set forth in Paragraph 13, below, that this Stipulated Protective Order does not entitle them to automatically file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **Good Cause Statement.** This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise

protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3. **Scope.** The protections conferred by this Stipulation and Order cover not only Protected Material (as defined below), but also (1) any information copied or extracted from Protected Material; and (2) all copies, excerpts, or compilations of Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial. Nothing in this Protective Order shall limit any supplying party's use of its own documents or shall prevent any supplying party from disclosing its own Confidential documents to any person.

4. **Definitions.** As used in the Stipulated Protective Order, these terms have the following meanings:

- "Attorneys" means counsel of record;
- "Confidential Information" (regardless of how is it generated, stored or maintained) means information designated pursuant to paragraph 5;
- "Outside Vendors" means messenger, copy, coding, and other

        clerical-services vendors not employed by a party or its Attorneys and their employees and subcontractors;

- "Protected Material" means any Disclosure of Discovery Materials that is designated as "CONFIDENTIAL"; and
- "Written Assurance" means an executed document in the form attached as Exhibit A.

**5.  Designation.**

    a.  <u>Procedure.</u>  A Party may designate unredacted information as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by law; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical and protected health information ("PHI") concerning any individual; (e) personal identifying information ("PII"); (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person who is not a party to the case; and/or (h) any other information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    b.  <u>Inadvertent Failure to Designate.</u>  An inadvertent failure to designate a document, testimony, or other information as Confidential Information does not, standing alone, waive the right to subsequently so designate the information.  A party may designate a document or ESI as Confidential Information following production, provided that such new designation is made promptly after discovery of inadvertent failure to designate.  Upon such designation, the receiving party shall: treat such document or information as designated pursuant to the terms of this Order; take reasonable steps to return or

destroy all previously-received copies of the information and provide certification of same; notify any persons known to have possession of such material of such new designation under this Order; and promptly endeavor to procure all copies of such materials from persons known to have possession of such material who are not entitled to receipt of it pursuant to this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information.

    c. <u>Inspection of Materials Prior to Production.</u> A Party or Non-Party that makes original documents available for inspection prior to their production need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party shall so designate them in accordance with the procedures set forth in this Order.

  6. **Designations by Third Parties.** Third parties producing documents in the course of this action may also designate documents as "Confidential," subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action.

  7. **Depositions.** Deposition testimony and exhibits are protected by this Order if the testimony or exhibit is designated as confidential when the deposition is taken or within twenty-one (21) business days after receipt of the transcript. Such designation shall be specific as to the portions that contain Confidential Information. Until the expiration of the 21-day period, the deposition testimony,

transcript, and all exhibits shall be treated as confidential. The deposition of any witness (or any portion of such deposition) that encompasses Confidential Information shall be taken only in the presence of persons who are qualified to have access to such information pursuant to this Protective Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.

8. **Other Discovery.** Portions of interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain confidential information within the scope of Fed. R. Civ. P. 26(c) may be designated "Confidential" where appropriate, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

9. **Protection of Confidential and Protected Material.**

   a. <u>General Protections.</u> All Confidential documents and Protected Material, along with the information contained in such documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in Paragraph 9(b). Any other use is prohibited.

   b. <u>Limited Third Party Disclosures.</u> Access to any Confidential document shall be limited to the following third parties as necessary:

   1. the Court and its staff;
   2. attorneys and employees of Attorneys who have responsibility for the action;
   3. those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including

        outside vendors hired to process electronically stored documents;

4. persons shown on the face of the document to have authored or received it;

5. court reporters retained to transcribe testimony;

6. the parties;

7. the parties' current or former employees, subject to the notice provision of paragraph 10 for former employees;

8. outside independent persons (*i.e.*, persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action, subject to the notice provision of paragraph 10, but only after such persons have completed the certification contained in Exhibit A, agreeing to comply with and be bound by the provisions of the Protective Order;

9. During their depositions, or in preparation for their trial or deposition testimony, witnesses in this action to whom disclosure is reasonably necessary. While a deponent is being examined about any Confidential Information, persons to whom disclosure is not authorized under this Order shall be excluded from the deposition. Witnesses may receive copies of exhibits in connection of review of the transcripts, but shall not retain a copy of documents containing Confidential Information. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order may not be disclosed to anyone except as permitted under this Order.

        c. <u>Storage and Transmission of Documents.</u> Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. To avoid security risks currently inherent in certain current technologies, and unless the party whose Confidential documents are at issue agrees otherwise in writing, and except as set forth immediately below with respect to limited electronic mail communications, all persons with access to Confidential documents pursuant to Paragraph 9(b) shall be and are prohibited from storing or transmitting any Confidential documents in or via any online or web-based storage location or service, when such storage location or service is managed or maintained by any third-party service provider, other than a reputable litigation support service provider with a secure document hosting facility that uses encrypted web-enabled software that allows for secure and protected sharing and collaboration concerning said documents amongst only authorized counsel. Notwithstanding the foregoing provision, a person with access to Confidential documents pursuant to Paragraph 9(b) shall not be prohibited from transmitting to any other person permitted to access Confidential documents pursuant to Paragraph 9(b) a reasonably limited number of files containing Confidential documents through electronic mail, as attachments to an electronic mail in the form of separate PDF files (and not as zip files or links to files), as long as the person transmitting the files takes reasonable steps to protect the confidentiality of the files.

    **10. Notice Provision.** Each person appropriately designated pursuant to paragraph 9(b) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Attorneys of the supplying party shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any Competitor of the party whose designated documents or information are sought to be disclosed. Such

notice shall provide the name and address of the person to whom the disclosure will be made and the nature of his or her affiliation with a Competitor. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party. If the Court allows disclosure, the information remains Confidential, and the person shall be bound by this Protective Order. This disclosure obligation shall be a continuing one; if an independent consultant or expert is going to work for, consult with, or otherwise communicate with a Competitor regarding any cemiplimab product at any time during the litigation, Attorneys consulting with that person shall provide the notice required by this paragraph.

**11. Challenging Confidentiality Designations.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

  a. <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

  b. <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

  c. <u>Burden on Challenge.</u> The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties,) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**12.     Protected Material Subpoenaed or Ordered Produced in Other Litigation.** If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must: (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, to the extent allowed by law the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**13.     Request to Disclose to Competitors.** Notwithstanding the foregoing, without express written consent, in no event shall any disclosure of Confidential documents be made to any Competitor or to any person—irrespective of whether such person is retained as an expert in this action—who upon reasonable and good faith inquiry, could be determined to be a current employee of a Competitor or consultant doing research on Libtayo for a Competitor. If a party seeks to disclose Confidential documents to a Competitor, the party seeking disclosure shall follow the notice provisions set forth in Paragraph 10. Confidential documents shall be

used solely for the purpose of this action and shall not be used by any person receiving such information for any business or competitive purpose.

**14. Request to file Document Under Seal.** A Party that seeks to file Confidential information under seal must comply with Civil Local Rule 79-5, which sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. Confidential information may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Confidential Information at issue. If a Party's request to file Confidential information under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**15. Obligations upon Conclusion of Litigation**

a. <u>Order Continues in Force.</u> Unless otherwise agreed upon or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b. <u>Obligations.</u> Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the supplying party all Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must provide a certification to the Producing Party by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Materials that was returned or destroyed and (2) affirms that the Receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material as to such return or destruction within the 60-day period.

      c.    <u>Retention of Work Product and One Set of Filed Documents.</u> Notwithstanding this provision, Attorneys shall be entitled to retain a set of archival copies of all documents filed with the Court and all correspondence generated in connection with the action.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.  An Attorney may use his or her own work product in subsequent litigation, provided that its use does not disclose or use Confidential or Protected materials or otherwise violate this Order.

      d.    <u>Deletion of Documents Filed under Seal from Electronic Case Filing (ECF) System.</u>  Filings under seal shall be deleted from the ECF system only upon order of the Court.

16. **Order Subject to Modification.**  Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

17. **Right to Assert Other Objections.**  No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

18. **Duration.**  The obligations imposed by the Protective Order shall survive the termination of this action.

19. **Effect of Prior Orders.**  All prior consistent orders remain in full force and effect.

**IT IS SO ORDERED**, this 12 day of    Jan   , 2024.

/s/ _____ MRW
United States Magistrate Judge

# EXHIBIT A
# WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____.

I am currently employed by ___, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in Case No. 2:23-cv-08034, pending in the United States District Court for the Central District of California. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any information or documents designated as "Confidential" and obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents or information except for the purposes of this action and pursuant to the terms of the Protective Order. As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents. I submit myself to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____        _____
                  (Date)                              (Signature)

STIPULATED PROTECTIVE ORDER
Case No.: 2:23-cv-08034-WLH-MRW